Opre v. Lynch

BIA
A026 815 017
A075 834 119

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> PETER W. HALL,
> *Circuit Judges.*

_____

AFRIM OPRE, ADRIANA OPRE,
> *Petitioners,*

v.

10-4266 (L);
11-801 (Con),
11-2430 (Con)
NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jeffrey M. Okun, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Nancy E. Friedman, Senior

**Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioners Afrim Opre, a native and citizen of Macedonia, and his wife Adriana Opre, a native and citizen of Albania, seek review of the October 20, 2010, February 11, 2011, and May 27, 2011, decisions of the BIA denying their motions to reopen their removal proceedings and for reconsideration. *In re Afrim Opre*, *Adriana Opre*, Nos. A026 815 017/075 834 119 (B.I.A. Oct. 20, 2010), (B.I.A. Feb. 11, 2011), (B.I.A. May 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2004) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir. 2004). An abuse of discretion may be found where the BIA's decision "provides no rational

explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233-34 (internal quotation marks omitted); *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir. 2001).

I.   Motions to Reopen

An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered, and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Petitioners' August 2010, November 2010, and March 2011 motions to reopen were untimely, because the BIA issued Petitioners' final order of removal in July 2007. There is also no dispute that Petitioners' November 2010 and March 2011 motions to reopen were number-barred because Petitioners first sought reopening in August 2010. *See* 8 U.S.C. § 1229a(c)(7)(A).

A.   Diligence

Under the doctrine of equitable tolling, ineffective assistance of counsel may toll the time limitation on a motion

3

to reopen where the movant has exercised "due diligence" in pursuing his claim. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008). Aliens are required to exercise due diligence both before and after they have or should have discovered the alleged ineffective assistance. *Id.* at 132; *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (noting that "[e]quitable tolling requires a party to pass with reasonable diligence *though [sic] the period it seeks to have tolled*" (quotation omitted; emphasis added)). We have noted that "there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA did not abuse its discretion in denying Petitioners' August 2010 motion as untimely due to their failure to exercise diligence in pursuing their ineffective assistance of counsel claims. *See Rashid*, 533 F.3d at 131. In her affidavit in support of the August 2010 motion, Adriana represented that she and Afrim "contacted Mr. Christo in 2007 at or about the time of the issuance of the appeal" and "provided $3,000.00 to [] Christo to file a motion to reopen."

4

However, because these representations do not demonstrate diligence throughout the entire period sought to be tolled, the BIA reasonably concluded that her affidavit provided no basis for tolling. *See Rashid*, 533 F.3d at 133.

Petitioners' contention that their allegations in their February 2011 motion established diligence is without merit. In that motion, Petitioners represented that Okun informed Afrim in September 2009 that he needed "to have a payment made to his office in advance of commencing work," and subsequently notified Afrim in Fall 2009 and May 2010 that he had not yet received any funds. While Adriana attested that she believed that Okun was working on their motion to reopen from September 2009 to August 2010 and that she had delegated responsibility for overseeing the matter to Afrim, the BIA reasonably determined that such statements did not reflect diligence on her part. *See Rashid*, 533 F.3d at 131.

Petitioners also failed to demonstrate sufficient diligence in their March 2011 motion in which they argued, for the first time, that Okun may have implied that he would work on their case before receiving payment. However, the BIA reasonably noted that these assertions could have been raised earlier, and did not excuse the untimely and number-barred filing of Petitioners' third motion.

5

B.  Denial of Extension

Petitioners also appear to argue that the BIA violated their due process rights by failing to grant their motion for an extension of time to supplement the record, in connection with their August 2010 motion to reopen.  "To establish a violation of due process, an alien must show 'that she was denied a full and fair opportunity to present her claims' or 'that the IJ or BIA otherwise deprived her of fundamental fairness.'"  *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir. 2006)).  In denying their motion for extension, the BIA reasonably noted that Petitioners had waited three years to file their first untimely motion to reopen and failed to provide sufficient justification for that delay.  Because Petitioners have failed to demonstrate that any extension was required or merited, they are unable to show that they were denied fundamental fairness or a full and fair opportunity to present their claims. *See Burger*, 498 F.3d at 134.

C.  Departure Bar

The BIA did not abuse its discretion in denying Afrim's August 2010 and November 2010 motions to reopen due to application of the departure bar, as the BIA's denials were

6

consistent with then-existing controlling precedent. *See Xue Yong Zhang v. Holder*, 617 F.3d 650, 660-61 (2d Cir. 2010). Moreover, because Petitioners fail to identify any flaw in the BIA's reasoning that its prior findings with respect to Adriana's lack of diligence applied equally to Afrim, they have not shown any abuse of discretion.

D.  Denial of Stays

Any requests for stays of removal are moot given our denial of these petitions. Regardless, there was no due process violation. Afrim contends that "[t]here was ample reason to grant the stay of removal to give time to show the likelihood of success." However, it was his burden to demonstrate his entitlement to a stay, and his failure to do so did not, as his argument suggests, necessitate that his motion be granted. He cites no authority that he was entitled to a stay or that an extension was merited or required, and he has failed to establish that he was denied fundamental fairness or a full and fair opportunity to present his claim, as needed to demonstrate a due process violation. *See Burger*, 498 F.3d at 134. We decline to consider Petitioners' unsupported allegation that the BIA has an undisclosed policy of fast-tracking motions to reopen when they are accompanied by stay requests. *Yueqing Zhang v. Gonzales*, 426 F.3d 540,

545 n.7 (2d Cir. 2005) (deeming abandoned Petitioner's challenge to IJ's finding because he "devote[d] only a single conclusory sentence to the argument").

II. Motions to Reconsider

A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao*, 265 F.3d at 90. Because the BIA did not err in denying Petitioners' August 2010 motion to reopen, which Petitioners conceded was not completed, the BIA did not abuse its discretion in denying reconsideration of that decision. Moreover, as "[a] party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider," 8 C.F.R. § 1003.2(b)(2), the BIA did not abuse its discretion in denying Petitioners' March 2011 motion to reconsider a prior denial of reconsideration. *See Ke Zhen Zhao*, 265 F.3d at 90.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, the motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8